05-14237

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-MARTINEZ

CASE NO.:



LARRY GUERRA, on behalf of himself
and those similarly situated to him

    Plaintiff,

v.

BIG JOHNSON CONCRETE PUMPING
INC., a Florida Corporation,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff, LARRY GUERRA ("Plaintiff"), was an employee of Defendant, BIG JOHNSON CONCRETE PUMPING INC. ("BIG JOHNSON" or Defendant), a Florida Corporation, and brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), for minimum wage under Article X, Section 24 of the Florida Constitution, and for unpaid wages under Section 448 of the Florida Statutes. Plaintiff was a laborer and performed related activities for Defendant in, among others, Martin County, Florida.

2. Defendant, BIG JOHNSON, is a Florida corporation that operates and conducts business in, among others, Martin County, Florida, and is therefore, within the jurisdiction of the Court.

3. This action is brought under the FLSA to recover from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. Additionally, Plaintiff seeks minimum wages under Article X, Section 24 of the Florida



Constitution, and unpaid wages and reasonable attorneys' fees and costs under Section 448 of the Florida Statutes.

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

5. At all material times relevant to this action, Defendant, BIG JOHNSON, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant.

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked in excess of forty within a work week. Specifically, despite Plaintiff and Defendant's agreement that Plaintiff was to be paid $19.00 per hour during his employment with Defendant, in Plaintiff's final weeks of employment with Defendant, Plaintiff worked overtime hours but Defendant unilaterally reduced Plaintiff's "regular rate of pay" to $5.15 an hour in violation of 29 C.F.R. § 778.108 and 29 C.F.R. § 778.315.

7. As a result of Defendant's actions in this regard, Plaintiff has not properly been paid his overtime compensation due under the FLSA. This action is intended to include each and every laborer employed by Defendant over the last three years within the State of Florida who likewise was subjected to the illegal pay practices described above.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendant.

## COUNT I- RECOVERY OF OVERTIME COMPENSATION

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff is entitled to receive proper payment of time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week as well as full payment of his regular rate of pay for his hours worked up to and including forty (40) per workweek. During his final weeks of employment with Defendant, Plaintiff worked overtime hours but was not properly compensated for same.

11. As a result of Defendant's intentional, willful, and unlawful acts by refusing to properly pay Plaintiff his regular rate of pay for each hour worked in his final week of employment with Defendant, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated to him, demand judgment against Defendant, for payment of the proper regular rate of pay for all hours worked for Defendant for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RECOVERY OF MINIMUM WAGES UNDER ARTICLE X SECTION 24 OF THE FLORIDA CONSTITUTION

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

15. As of May 2005, Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff was entitled to be paid minimum wage of $6.15 for each hour he worked during his employment with Defendant.

16. Plaintiff's employment with Defendant terminated in approximately July 2005. In Defendant's final paycheck to Plaintiff, Defendant paid Plaintiff $5.15 per hour- below Florida's minimum wage - in violation of Article X, Section 24 of the Florida Constitution. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during his final weeks of employment with Defendant.

17. Defendant willfully failed to pay Plaintiff minimum wage for his final weeks of work contrary to Article X, Section 24 of the Florida Constitution.

18. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for his final weeks of work with Defendant.

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated to him, demand judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF UNPAID WAGES UNDER SECTION 448, FLORIDA STATUTES

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

21. During Plaintiff's employment, he was entitled to be paid $19.00 per hour for all non-overtime hours worked. Notwithstanding this entitlement, Defendant unilaterally reduced Plaintiff's pay in his final paycheck to $5.15 per hour. Defendant, therefore, wrongfully deprived Plaintiff of wages to which he was lawfully entitled.

22. Plaintiff has been damaged as a result of Defendant's failure to pay him the agreed upon wages to which he was entitled.

23. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee.

WHEREFORE, Plaintiff, and those similarly situated to him, demand judgment against Defendant, for the unpaid wages found to be due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

DATED this 4th, day of August 2005.

CELLER LEGAL GROUP
1776 North Pine Island Road, Suite 224
Fort Lauderdale, Fl 33322
Tel: 954-318-0268
Fax: 954-433-3515
E-mail: Richard@cellerlegal.com

_____
RICHARD CELLER
FL Bar No.: 0173370

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Larry Guerra, on his own behalf and those similarly situated to him

**DEFENDANTS**
Big Johnson Lot & Camping Inc, a Florida Corporation

05 - 14237

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

Ft Pierce XCJ/4237

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Jem Lynch

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Celler Legal Group
1776 N. Pine Island Rd., Suite 224
Ft. Lauderdale, FL 33322 (954) 318-0268

ATTORNEYS (IF KNOWN)
Lynch

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, (MARTIN), ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

LABOR: ☒ 710 Fair Labor Standards Act

**VI. CAUSE OF ACTION**
29 U.S.C. § 216(b) - Action for unpaid overtime wages

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ unknown at this time
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**

DATE: 8/5/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE $250.00   MAG. JUDGE 925419

08/09/05