FILED by D.C.
ELECTRONIC

**Nov 21 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-14237-CIV-MARTINEZ/LYNCH

LARRY GUERRA, on behalf of himself
and those similarly situated to him

       Plaintiff,

v.

BIG JOHNSON CONCRETE PUMPING
INC., a Florida Corporation,

       Defendant.

_____/

**PLAINTIFF'S MOTION FOR AN ORDER PERMITTING COURT SUPERVISED
NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff, LARRY GUERRA ("Plaintiff"), requests the entry of an Order permitting under court supervision, notice to all former laborers employed by Defendant, BIG JOHNSON CONCRETE PUMPING, INC. ("BIG JOHNSON"), over the last three (3) years who were paid on an hourly basis and subjected to Defendant's practice of not paying proper overtime compensation for hours worked in excess of forty (40) in a workweek during their final work week with Defendant. As a result of Defendant's illegal pay practices, each former laborer did not receive proper payment of time and one half of his/her regular rate of pay for hours worked in excess of forty (40) during his/her final week of employment with Defendant. By virtue of Defendant unilaterally reducing its former laborers' regular rate of pay to minimum wage during their final week of employment with Defendant in which they worked overtime hours, it violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Specifically, 29 C.F.R §§778.108 and 778.315 state in relevant part that:

**17/wc**

> Extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid.

29 C.F.R § 778.315

By virtue of making the above described deductions, Defendant violated the FLSA. Thus, in support of these other former laborers' opt-in rights, Plaintiff states as follows:

### MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS

1.      Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA") provides, among other things, that an action to recover unpaid minimum wages or unpaid overtime compensation may be maintained against any employer in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. See 29 U.S.C. § 216(b).

2.      As stated in Plaintiff's Complaint, Plaintiff was a laborer authorized by the FLSA to sue in his own name on behalf of himself and other employees similarly situated.  Plaintiff is a former laborer of Defendant who has brought this action on behalf of all former similarly situated laborers who were paid on an hourly basis, worked overtime hours for Defendant within the last three (3) years and did not receive proper payment for all overtime hours worked during their final week of employment with Defendant.

3.      Plaintiff knows that his claim is typical of the claims of other former laborers employed by Defendant, and typical of the claims of all members of the representative class described below.  *See* Affidavit of Larry Guerra at ¶¶ 6-8, attached as Exhibit 1.

4.      The representative class consists of all former laborers paid on an hourly basis who worked for Defendant at any time within the last three (3) years, and who were subjected to

2

Defendant's practice of not paying full and proper overtime compensation for hours worked in excess of forty (40) during their final week of employment as a result of Defendant unilaterally reducing their regular rate of pay to minimum wage.  As a result of such compensation practices, each laborer did not receive proper payment of wages for hours worked over forty (40) in their final week of work with Defendant. *See* 29 C.F.R  § 778.315.  The named Plaintiff, as well as one additional "opt-in Plaintiff," have filed Affidavits in support of this Motion.

5.      Simply put, all other former laborers are owed proper payment of overtime wages and the right to participate in this litigation.  Defendant has acted or refused to act on grounds generally applicable to all former laborers, thereby making the same relief appropriate with respect to their former laborers as a whole.  Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendant.  And, although the class of former laborers is identified and certain, the individual members of the class cannot be completely identified absent access to Defendant's books and records.

WHEREFORE, Plaintiff, LARRY GUERRA, respectfully requests that the Court permit and supervise notice to all former laborers who were paid on an hourly basis and did not receive full and proper payment of time-and-a-half wages for all overtime hours worked during his/her final week of employment with Defendant.

## MEMORANDUM OF LAW

### A.      Introduction

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b).  The FLSA provides, in part, that:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others similarly situated. ***No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.***

*See id.* (emphasis added).

Defendant, BIG JOHNSON, a Florida Corporation, holds itself out as a concrete pumping company.  As part of its services, BIG JOHNSON employs individuals to operate concrete pumps at its various facilities within the State of Florida.   Plaintiff is a former laborer for Defendant.  *See* Affidavit of Larry Guerra at ¶5.  During their employment with Defendant, Plaintiff, and other similarly situated former laborers who were paid on an hourly basis, regularly worked well in excess of forty (40) hours per workweek.  Notwithstanding the hours worked by Plaintiff and other similarly situated laborers, Defendant did not pay full and proper overtime compensation for hours worked over forty (40) during their last week of employment with Defendant.  *See id.* at ¶¶6-7. Instead, Defendant unilaterally reduced its former laborers' regular rate of pay to minimum wage during their final week of employment with Defendant (despite the fact that overtime hours were worked) in violation of 29 C.F.R  § 778.315.  *See id.* Therefore, Plaintiff seeks this Court's authorization to facilitate notice to each of Defendant's former laborers who were subjected to the illegal pay practices described above at any time within the last three (3) years.

Plaintiff further requests that he be permitted to give such notice as approved by this Court to all such class members of their rights to opt-in to this litigation by executing an appropriate consent as required by Section 216(b) of the FLSA.  Plaintiff's Affidavit, and the Affidavit of one additional "opt-in Plaintiff" who has joined this action since the time it was

filed, establish that Defendant's other laborers had similar duties, and worked the same amount of hours that he worked per workweek, and thus, were subjected to Defendant's illegal pay practices described above regarding their final week of work.   Plaintiff also is aware that Defendant unilaterally reduced other employees' final paychecks at the conclusion of their employment as it did with him. *See id*. at ¶8.

     **B.**     **Applicable Standards For Collective Actions**

FLSA class actions operate much differently than the typical class action suits under Rule 23 of the Federal Rules of Civil Procedure. Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.* This is just the exact opposite of traditional Rule 23 class actions in which a plaintiff initiating a class action automatically represents every member of the class that has not expressly "opted-out."

In *Hoffman- La Roche, Inc. v. Sealing*, 110 S. Ct. 482 (1989), the Court ruled that not only did trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, but that this authority also included sending court-authorized consent forms to potential plaintiffs. *See id.*   There, the Court addressed the issue of whether the district court may play any role on prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. *See id.*   The Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b), by facilitating notice

to potential plaintiffs. *See id* at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *See id.*

Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *See id.* Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *See id.* at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b), "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.* at 486.

The question of notification in a FLSA class action arose again in *Dybach v. State of Florida, Department of Corrections*, 942 F .2d 1562 (11th Cir. 1991), where the Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks. *See id.* The Eleventh Circuit also held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Id.*

The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. § 216(b). *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001 ) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."). Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id.* at 1218. Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly

6

lenient standard, and typically results in conditional certification of a representative class. *See id.* Thereafter, a second, more rigorous factual determination is made as to whether the potential opt-in plaintiffs are similarly situated. *See id.*

There are questions of law or fact common to Defendant's other former laborers and the claims of the named Plaintiff in the instant matter.  Indeed, Plaintiff's claims are typical of the claims of the other individuals in his position. For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. § 216(b), Plaintiff need only demonstrate that the defined class is compromised of representatives who are similarly situated to Plaintiff with regard to Defendant's payroll practices and record keeping requirements. *See* 29 U.S.C. § 216(b); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991). There is no requirement of "strict symmetry" or "absolute identity"; rather potential class members must meet only a "sufficiently similar" standard. *Glass v. IDS Financial Services, Inc.,* 778 F. Supp. 1029, 1081 (D. Minn. 1991) (an allegation that a single decision, policy or plan precipitated the challenged action was sufficient to define the class).

Here, Defendant employed numerous laborers in Florida. *See* Affidavit of Larry Guerra at ¶¶4,8; and Affidavit of Domingo Vidales at ¶¶4,8, attached as Exhibit 3.  At different times over the last three (3) years, each of these laborers operated concrete pumps at Defendant's various facilities within the State of Florida.  *See* Affidavit of Larry Guerra at ¶5; and Affidavit of Domingo Vidales at ¶5.  These laborers were paid on an hourly basis, and regularly worked more than forty (40) hours per work week.  *See* Affidavit of Larry Guerra at ¶¶5,6; and Affidavit of Domingo Vidales at ¶¶5,6.  Notwithstanding the overtime hours worked by Plaintiff and other similarly situated former laborers in their final workweek with Defendant, Defendant failed to properly compensate these individuals by reducing their regular rate of pay to minimum wage in

violation of 9 C.F.R  § 778.315, and accordingly, the FLSA. *See* Affidavit of Larry Guerra at ¶¶6,7; and Affidavit of Domingo Vidales at ¶¶6,7.  As a result of this practice, Defendant regularly failed to pay its laborers full and proper overtime compensation owed as required by the FLSA. *See id.*

Based upon the Complaint allegations and the above-referenced Affidavits, Plaintiff has satisfied the applicable burden of persuasion that a colorable basis exists for determining that others similarly situated to Plaintiff exist.   Further, one additional similarly situated representative learned of this action prior to any Court authorized notice being issued, and has since opted-in to this claim.  This further demonstrates that others desire to join, if given notice of this matter.

Here, a collective action (as they are termed under the FLSA) is sought as the Defendant has acted or refused to act on grounds generally applicable to the class (Defendant's former laborers who were paid on an hourly basis and subjected to Defendant's practice of not paying full and proper overtime compensation for all hours worked over forty (40) during their final week of employment with Defendant), thereby making appropriate the same relief with respect to the class as a whole. Additionally, questions of law or fact common to all laborers who worked for Defendant predominate over any questions affecting only individual members. Thus, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy.  Plaintiff seeks Court authorization to provide: (1) the proposed "Notification" letter, attached as Exhibit A, to be sent to all similarly situated former employees; and (2) the proposed "Notice of Consent to Join" form, attached as Exhibit B, which similarly situated employees can complete, sign, and file with the Court.

8

## CONCLUSION

Plaintiff has met his burden to facilitate notice to potential class members under Eleventh Circuit precedent.   Accordingly, Plaintiff respectfully requests that this Court permit and supervise notice to all former laborers who did not receive proper overtime compensation for all overtime hours worked for Defendant during their final week of employment with Defendant.

Respectfully submitted,

CELLER LEGAL GROUP
284 South University Drive
Fort Lauderdale, Fl 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: Richard@cellerlegal.com

**/s RICHARD CELLER**
RICHARD CELLER
FL Bar No.:  0173370

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November 2005, I served a true and correct copy of the foregoing by U.S. Mail to Susan Norton, Esq. Allen Norton & Blue, P.A. 121 Majorca, Suite 300 Suite 1500, Coral Gables, Florida 33134, counsel for Defendant.

**/s RICHARD CELLER**
Richard Celler

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-14237-CIV-MARTINEZ/LYNCH

LARRY GUERRA, on behalf of himself
and those similarly situated to him

      Plaintiff,

v.

BIG JOHNSON CONCRETE PUMPING
INC., a Florida Corporation,

      Defendant.

_____/

### AFFIDAVIT OF LARRY GUERRA

      BEFORE ME, the undersigned authority, an officer duly authorized to take oaths and administer acknowledgements, appeared LARRY GUERRA, who upon first being duly sworn, deposed and stated as follows:

1.     My name is LARRY GUERRA.

2.     I am the named Plaintiff in the above-referenced action.

3.     I make this Affidavit based upon personal knowledge.

4.     From approximately September 2004 until July 2005, I worked for Defendant, Big Johnson Concrete Pumping, Inc. ("Defendant"), as a laborer in, among others, Martin County, Florida.

5.     In this regard, I was employed by Defendant to pump concrete at Defendant's facility located in Stuart, Florida.  In this capacity, I was supposed to be paid $19.00 per hour.

6.     Despite my agreement with Defendant that I was to be paid $19.00 per hour during my employment with Defendant, in my final week of employment with Defendant, I worked

overtime hours but Defendant unilaterally reduced my regular rate of pay to $5.15 an hour in violation of 29 C.F.R. § 778.108 and 29 C.F.R. § 778.315.

7.     As a result of Defendant's actions during my final week of employment, I did not receive proper regular and overtime compensation due under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

8.     During my employment with Defendant, I personally observed that there were numerous laborers who: (a) performed the same job duties that I performed and (b) worked the same amount of hours that I worked per workweek.  I am also aware that Defendant was unilaterally reducing other employees' final paychecks at the conclusion of their employment as it did with me.

9.     My purpose in bringing this lawsuit is not only to receive the full overtime wages owed to me, but also to help other former laborers get the overtime compensation owed to them. It is important to me that all of Defendant's former laborers be fairly paid.

10.     I anticipate that other former laborers will join this litigation if they are given notice of it and an opportunity to join it.  In this regard, I believe Defendant's other former laborers remain uninformed of this case.  One other laborer named Domingo Vidales, who was employed at Defendant's Ft. Myers facility, learned of my claims since the time I filed them, and has since opted-in to this action.

11.     I fully understand and aver the allegations contained within this Affidavit are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT:

By _____
Larry Guerra

2

STATE OF _Florida_

COUNTY OF _Broward_

   SWORN TO AND SUBSCRIBED before me this _18th_ day of _November_,2005.

The Affiant, _Larry Guerra_, is [   ] personally known to me or [   ✓ ] has produced

_Drivers Licence_ as identification, which is current or has been issued within the past

five years and bars a serial number or other identifying number.

Print Name: _Natalia Sheps_

_____
NOTARY PUBLIC-STATE OF FLORIDA

Commission Number: _June 8, 2007_

My commission expires: _DD 220902_
(Notary)



NOTARY PUBLIC
STATE OF FLORIDA
NATALIA SHEPS
MY COMMISSION # DD 220902
EXPIRES: June 8, 2007
1-800-2-NOTARY   Fl. Notary Discount Assoc. Co

3

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-14237-CIV-MARTINEZ/LYNCH

LARRY GUERRA, on behalf of himself
and those similarly situated to him

       Plaintiff,

v.

BIG JOHNSON CONCRETE PUMPING
INC., a Florida Corporation,

       Defendant.

_____/

## AFFIDAVIT OF DOMINGO VIDALES

BEFORE ME, the undersigned authority, an officer duly authorized to take oaths and administer acknowledgements, appeared DOMINGO VIDALES, who upon first being duly sworn, deposed and stated as follows:

1.     My name is DOMINGO VIDALES.

2.     I learned of the above referenced action in July 2005.  Since that time, I have filed a Notice of Consent to Join.

3.     I make this Affidavit based upon personal knowledge.

4.     From approximately November 2004 until June 2005, I worked for Defendant, Big Johnson Concrete Pumping, Inc. ("Defendant"), as a laborer in, among others, Martin County, Florida.

5.     In this regard, I was employed by Defendant to pump concrete at Defendant's facility located in Ft. Myers, Florida.  In this capacity, I was supposed to be paid $17.00 per hour.

6. Despite my agreement with Defendant that I was to be paid $17.00 per hour during my employment with Defendant, in my final week of employment with Defendant, I worked overtime hours but Defendant unilaterally reduced my regular rate of pay to $15 an hour in violation of 29 C.F.R. § 778.108 and 29 C.F.R. § 778.315.

7. As a result of Defendant's actions during my final week of employment, I did not receive proper regular and overtime compensation due under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

8. During my employment with Defendant, I personally observed that there were numerous laborers who: (a) performed the same job duties that I performed and (b) worked the same amount of hours that I worked per workweek. I am also aware that Defendant was unilaterally reducing other employees' final paychecks at the conclusion of their employment as it did with me.

9. I fully understand and aver the allegations contained within this Affidavit are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT:

By _____
Domingo Vidales

STATE OF _Florida_

COUNTY OF _Broward_

SWORN TO AND SUBSCRIBED before me this _18th_ day of _November_ ,2005.

The Affiant, _Domingo Vidales_ , is [ ] personally known to me or [ ✓ ] has produced

_Drivers License_ as identification, which is current or has been issued within the past

five years and bars a serial number or other identifying number.

_Natalia Sheps_

Print Name:

NOTARY PUBLIC STATE OF FLORIDA

Commission Number: _DD 220902_

My commission expires: _June 8, 2007_

(Notary)



NATALIA SHEPS
MY COMMISSION # DD 220902
EXPIRES: June 8, 2007
1-800-3-NOTARY   FL Notary Discount Assoc. Co.

3

# EXHIBIT A

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*
*The Court Has Made No Finding as to the Merits of the Case at this Time*

*IF YOU WERE A FORMER LABORER WHO WORKED FOR BIG JOHNSON CONCRETE PUMPING, INC. ("DEFENDANT") AT ANY TIME DURING THE PAST THREE YEARS AND: (1) WORKED MORE THAN FORTY (40) HOURS IN YOUR FINAL WEEK OF EMPLOYMENT FOR DEFENDANT; AND (2) HAD YOUR RATE OF PAY REDUCED TO MINIMUM WAGE FOR YOUR FINAL WEEK AFTER TERMINATING YOUR EMPLOYMENT WITH DEFENDANT, A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS*

- Larry Guerra ("Plaintiff"), a former laborer at Big Johnson Concrete Pumping, Inc., ("Defendant" or "Big Johnson"), has sued Big Johnson in federal court in Miami alleging that Big Johnson failed to provide him with full and proper compensation for hours worked in excess of forty (40) in his final week of employment with Defendant by unilaterally reducing his regular rate of pay to minimum wage in his final week of employment with Defendant. As a result of this alleged practice, Plaintiff alleges that he was unlawfully deprived of proper overtime compensation due to him under the Fair Labor Standards Act. The case name is LARRY GUERRA V. BIG JOHNSON CONCRETE PUMPING, INC., CASE NO.: 05-14237-CIV-MARTNIEZ/LYNCH,

- To date, one (1) other laborer has consented to join the lawsuit as a plaintiff.

- The Court has permitted Plaintiff to send Notice to all similarly situated former laborers of Defendant at any time during the past three years, so that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

- The Court has not yet decided whether Defendant has done anything wrong or whether this case will proceed to trial. There is no money available now and no guarantees that there will be. However, you have a choice to assert your legal rights in this case.

| YOUR LEGAL RIGHTS & OPTIONS | |
|---|---|
| **Do Nothing** | **Do Nothing. Lose Nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against Big Johnson (within the applicable statute of limitations period) for allegedly unpaid overtime compensation. If money or benefits are later awarded in this case, you will not share in them. |
| **Ask to Be Included** | **Complete Opt-in Consent Form.** By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue Big Johnson for the same legal claims brought in this lawsuit. |

Your options are included in this Notice. To opt-in, you must complete the Opt-in Consent Form and forward it to the attorneys designated in the Notice on or before _____, 2005. If you have any questions or concerns, please contact:

**Richard Celler, Esquire**
**CELLER LEGAL GROUP**
284 South University Drive
Fort Lauderdale, Florida 33324
954-318-0268
Toll Free: 1-866-344-9243 (WAGE)
Facsimile: (954) 333-3515
Richard@cellerlegal.com
www.floridaovertimelawyer.com

**The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact the Celler Legal Group.**

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-14237-CIV-MARTINEZ/LYNCH

LARRY GUERRA, on behalf of himself
and those similarly situated to him

      Plaintiff,

v.

BIG JOHNSON CONCRETE PUMPING
INC., a Florida Corporation,

      Defendant.

_____/

## CONSENT TO BECOME PARTY PLAINTIFF
### (Pursuant to 29 USC § 216(b))

TO: THE CLERK OF THE COURT AND TO EACH PARTY AND COUNSEL OF RECORD:

      By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above-representative Plaintiffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature: _____

Printed Name: _____

Street Address: _____

City, State, Zip: _____

Telephone No.: _____

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT BY
_____, 2005 TO:

Richard Celler, Esq.
CELLER LEGAL GROUP
284 South University Drive
Ft. Lauderdale, Florida 33324
Telephone:  (954) 318-0268
Facsimile: (954) 333-3515